Clemson *against* Bush.

*Philadelphia,*
*Saturday,*
March 30.

UPON the return of a rule upon the plaintiff to shew cause why the defendant should not be discharged on common bail,

The court will not discharge a defendant out of custody upon the ground of infancy, where there is no suggestion of fraud or imposition; but will leave him to make use of that fact upon his defence.

*Hopkinson* produced a positive affidavit of a debt due by the defendant for goods sold and delivered.

*M. Levy* called the plaintiff with a view of interrogating him.

Tilghman C. J. The court will ask any questions which they may think necessary, but not the party. You may how-

ever propose to the court any question for the witness, and they will decide upon it.

*M. Levy* suggested that the defendant was but nineteen years of age at this time, and he wished to ask the plaintiff whether at the time of selling the goods, he did not know that the defendant was under twenty-one.

PER CURIAM. We do not think it proper to inquire into the defendant's age in this stage of the cause. If the defendant was under age, and he shall think proper to make that defence, the law will give him the advantage of it; but in the present stage of the business, the court think it immaterial. We do not wish to afford encouragement to persons, who knowing their own age, contract debts which they afterwards wish to get rid of. There has been no suggestion of any fraudulent artifices on the part of the plaintiff, to draw an unwary young man into improper expenses. Should such a case be presented, it may deserve consideration.

Rule discharged.

See *Madox* v. *Eden*, 1 *Bos. and Pul.* 480., *Gardiner* v. *Holt*, 2 *Stra.* 1217., *Gladman* v. *Bateman*, *Barnes* 418.